United States District Court
Southern District of Texas
**ENTERED**
May 19, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:14-CR-61 |
| | § | |
| SAURA V. SHARMA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Before the Court are the defendants', Saura V. Sharma and Gerardo Vasquez, motion to dismiss Counts 1 and 2 [Doc. No. 68] of a Superseding Indictment returned by the government on February 19, 2014, [Doc. No. 7]. The government filed a response [Doc. No. 71] and the defendants filed a reply in support of their motion [Doc. No. 72]. The defendants motion to dismiss the indictment is based on Title 18 U.S.C. § 3282 – the five year statute of limitations for felony/non-capital cases. The Court has reviewed the motion, response and reply, reviewed the case law associated and determines that the defendants' motion should be granted.

**II.   FACTUAL BACKGROUND**

Saura V. Sharma is in the wholesale and retail business of selling perfumes. He opened a wholesale located in Laredo, Texas with the objective to sell large quantities of perfumes to perfume retailers in Mexico and Central America and reap the rewards of his success. Sharma called his perfume business "Perfume Club South". In addition to the wholesale side of his business, Sharma opened several retail stores in Texas and surrounding

states with the same objective.  To accomplish his objective, Sharma employed the necessary personnel to operate his business locations.  One of the employee was Gerardo Vasquez.

Gerardo Vasquez operated the Laredo location and, according to the government and along with Sharma, committed the offense Money Laundering on February 10, 2009, in violation of federal law.  *See* [18 U.S.C. § 2 and 1956(a)(2)(B)(i) and (h).  Allegedly, the two entered into a financial transaction involving $160,000 under the guise of selling perfumes that the government asserts were the proceeds of "specific unlawful activity".  *See* [Title 21 U.S.C. §§ 841 and 846].  The government asserts that the defendants knew the nature of the proceeds, *i.e.,* that they were derived from unlawful activity; yet, they knowingly conducted the transaction with the intent to disguise the nature of the proceeds.

The record of proceedings shows that on February 7, 2014, the government filed, under seal, a Criminal Information [Doc. No. 1] asserting, for the first time, that the defendants had violated Title 18 U.S.C. §§ 1956 *et. seq.*  Shortly thereafter, on February 19, the government sought and obtained a Superseding Indictment also filing it under seal.  Then, on or about February 21 the government contacted counsel for the defendants and arranged for the defendants to make initial appearances before a Magistrate Judge.  At the initial appearances on February 25, 2016, the Magistrate Judge unsealed both the Criminal Information and the Superseding Indictment.

### III.   CONTENTIONS OF THE PARTIES

The defendants contend that the Information and Superseding Indictment are untimely and, therefore, violate the statute of limitations established in 18 U.S.C. § 3282.  The defendants also contend that the government was aware of the alleged 2009 criminal transaction when it occurred, having observed it by surveillance at the time of occurrence.

Finally, the defendants point out that in December of 2011, the government executed a search warrant at Sharma's Laredo location. Therefore, the defendants suggest, the government at all times, has been unhindered in its investigation and prosecution.

The government disputes the defendants' claim that the Superseding Indictment was filed untimely, relying on a "timely" filed Information and Title 18 U.S.C. § 3288. Nevertheless, the government agrees with defense counsel that merely instituting an Information, without a waiver does not permit an actual prosecution of a defendant when the crime is a felony. Therefore, the government asserts that the issue before the Court is whether the criminal Information "instituted" criminal charges within the five year required statutory period. In this regard, the government argues that filing the Criminal Information within the five years permitted was sufficient to toll the statute of limitations and, thereafter, the government was free to supersede the Information with an Indictment even though the Indictment fell outside the limitations period. *See* [§ 3288]. The defendants' motion and the government's response raise a question that turns on a construction of § 3282.

## IV. ANALYSIS AND DISCUSSION

### A. The Government's Arguments and Authorities

The evidence is undisputed that the government filed an Information within the limitations period, charging the defendants with the same offenses for which a grand jury later returned a Superseding Indictment. Likewise, it is undisputed that the Superseding Indictment was returned on February 19, 2014, after the limitations period expired. Finally, it is undisputed that the Information and Superseding Indictment were not disclosed to the defendants, their attorneys or the public before the five year statute of limitations expired. In defense of its position that the Indictment was timely, the government argues that: (a) a

timely filed Information is sufficient to constitute the "institution" of a criminal proceeding; therefore, the limitations period was tolled on February 7, 2014, permitting a subsequent formal indictment pursuant to § 3288;  and (b) concerning the defense's argument of lack of notice, the defendants received notice because both the Information and Superseding Indictment informed the defendants "of what [they are] being charged . . .," thereby satisfying the Rule 7(c) requirement of notice that criminal charges are pending against them. *See* [Fed. R. Civ. Pro. 7(c)].  The government relies on Rule 7(a), Title 18 U.S.C. § 3288, *United States v. Burdix-Dana*, 149 F.3d 741 (7th Cir. 1998) and *United States v. McMillan*, 600 F.3d 434 (5th Cir. 2010), in support for its position that the defendants' motion to dismiss should be denied.

      B.     *Statutes and Case Law Addressed*

Unlike a misdemeanor offense that may be tried on an indictment, information or complaint, a felony offense must be prosecuted by an indictment.  *See* Fed. R. Crim. P. 7(a)(B) and (2).  It is only when a defendant waives prosecution by indictment that a felony criminal prosecution may proceed by a criminal information .  *Id.*  at 7(b).  Title 18 U.S.C. § 3282 provides that ". . . no person shall be prosecuted, tried or punished for any offense . . . unless the indictment is found or the information is <u>instituted</u> within five years next after such offense shall have been committed."

A proper reading of this statute teaches that a felony prosecution may be instituted by an information; however, it is possible only when the charged party waives formal indictment.  Section 3282 must be read in harmony with Fed. R. Crim. Pro. 7(a)(B) and (b) to permit "informal" prosecutions.  Nevertheless, when the indictment is not "found" within five years the charge cannot be prosecuted.  Likewise, when the charge is "instituted" within

five years, the charged party must waive formal indictment within the statutory period, otherwise the charge(s) cannot be prosecuted after limitations is exhausted, with few or exigent exceptions.

The government disagrees and argues that a proper interpretation of the term "instituted" is addressed in the *United States v. Burdix-Dana*. There, the Seventh Circuit Court of Appeals held " . . . the filing of the information [was] sufficient to institute [a felony criminal case] within the meaning" of § 3282. The Court agrees with that holding; however, this Court parts company with the Seventh Circuit where it appears to suggest that the government can "willy-nilly" file an Information at the end of the limitations period as a means of extending it. Let us now review the facts in *Burdix-Dana*.

The facts in *Burdix-Dana* show that on February 20, 1997, the government filed a criminal information, charging Burdix-Dana with filing a false claim with the United States Treasury Department four days short of the expiration of a five year period of limitations. The violation allegedly occurred on February 24, 1992. Approximately, twelve days later, a federal grand jury returned an indictment against Burdix-Dana, charging her with the same offense. Shortly thereafter, and before Burdix-Dana could file a motion to dismiss, the government moved to dismiss the information and the motion was granted. Afterward, the Court denied Burdix-Dana's motion to dismiss .

In reaching its decision, the Seventh Circuit acknowledged that the Supreme Court had considered the meaning of the term "institute", holding that "institute" means that the government must be "able to prosecute" on the information in order to toll limitation. *See Burdix-Dana,* 149 F.3d at 742, [note 1], [citing to *Jaben v. United States,* 381 U.S. 214 (1965)]. Nevertheless, the Seventh Circuit did not follow the Supreme Court's holding.

Instead, it stated that ". . . [T]he considerations that led the [Supreme] Court to its conclusion in *Jaben* were specific to the [criminal] statute under review, and therefore the case [was] distinguishable . . ." *Id.* In light what appears to be a departure from the Supreme Court's definition of "institute" and, in light of the fact that this Court has not found Fifth Circuit authority addressing the term "institute", the Court will briefly review *Jaben*.

In *Jaben v. United States,* the government filed a complaint against Jaben on April 15, 1963, charging him with "willfully filing a false income tax return for the year 1956". On May 17, 1963, more than six years after the return date, a grand jury superseded the complaint by returning an indictment charging the same offense. Jaben moved to dismiss the indictment, arguing that the complaint was insufficient because it did not show probable cause that he, Jaben, had committed the offense. The government argued that the complaint was timely filed with the Commissioner who was authorized to determine probable cause.

In tax cases commenced by criminal information, the Commissioner had the duty or authority to determine probable cause. When the case is before the Commissioner before limitations expires the government has the privilege of filing a delayed indictment. *See Jaben*, 381 U.S. at 215-16. The Court held that the indictment was timely filed in light of the earlier filed complaint that established probable cause. Therefore, the indictment related back to the criminal complaint that was properly "instituted".

This Court reads the Supreme Court's ruling, not as an extension of the statute of limitations, but as a policy statement designed to give leeway for the convenience of the government in exigent circumstances. When exigency, unaided by the government, is the basis for an extension, the "due process" rights of a defendant are not automatically violated. However, the government is not free to file "a complaint at a time when it does not have its

case made" [unable to prosecute] simply to extend the time within which it may act. *Id.* at 220. The operative language here is "ability to prosecute".

In the case at bar, the record fails to reveal an exigency basis for the relations back connect that the government seeks by its Information. Unlike, *Burdix-Dana,* the record does not reflect a dismissal of the Information after the applicable limitations has expired as contemplated by § 3288. Correspondingly, the record does show that a regular grand jury was not in session on or immediately before February 7, 2014, that could have returned an indictment. The government does not suggest, in its response as a basis for filing the Information and Superseding Indictment under seal, that secrecy was paramount to the integrity or success of prosecuting the case. Therefore, the Court is of the opinion that § 3288 is inapplicable, contrary to the governments protestations.

    C.    *Conclusion*

"The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the . . . alleged illegal activity." *See Toussie v. United States*, 397 U.S. 112, 114 (1970); *see also United States v. Marion*, 404 U.S. 307, 323 (1971). It serves at least two honorable purposes. First, it encourage[s] promptness in the bringing of criminal actions ". . . that the parties shall not suffer by loss of evidence . . ." *Missouri, Kansas & Texas R. Co. v. Harriman*, 227 U.S. 657, 672 (1913). Second, and of equal importance, it ". . . protect[s] individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time . . ." *Toussie* 397 U.S. at 115. When promptness and fundamental fairness are at the forefront of criminal prosecutions, both the government and the defendant avoid the possibility of prejudice, that is inherent in extended and unnecessary delays. *Marion*, 404 U.S. at 326.

In the case at bar, neither defendant was arrested or notified that a sealed Information had been filed against them until the government contacted their counsel on or about February 21, 2014. At that time, the limitations period has expired and the government had also filed a sealed Superseding Indictment. An information that is filed within the limitations period is not automatically timely filed, particularly when the filing is hidden from the defendant and public scrutiny. The fact is, an offense of a felony nature can <u>only</u> proceed to prosecution by an indictment, unless the indictment is waived by the defendant. *See* [Fed. R. Crim. P., 7(a)(1)(B) and (b). No waiver was obtained within the limitations period; therefore, no case was "initiated" that the government was "able to prosecute" on or after February 10, 2014.

The Court need not go further and address the defendants' "due process" concerns because its ruling on the defendants' statute of limitations claim sufficiently addresses the defendants' dilemma. Because the Superseding Indictment was the first official document upon which the government was "able to prosecute" on or after February 10, without the defendants' waiver, the Court holds that the Information did not "initiate" the government's criminal prosecution and if it did, it died on February 10, for lack of exigency. To permit the government to proceed in the manner that it has, authorizes the government to broaden the statute of limitations for the prosecution of a felony criminal offense without a showing of exigency. *See United States v. McMillan*, 600 F.3d 434, 444 (5th Cir. 2010)(citing to *United States v. Schmick*, 904 F.2d 936, 940) (5th Cir. 1990). To be clear, a criminal information is not a "charging" instrument upon which the government can automatically proceed to prosecution after the statute of limitations has run its course. *See Costello v. United States,* 350 U.S. 359, 361-62 (1956).

Therefore, the Court, in the interest of justice, grants the defendants' motion to dismiss the Superseding Indictment in this case.

It is so Ordered.

SIGNED on this 19th day of May, 2016.

                                          _____
                                          Kenneth M. Hoyt
                                          United States District Judge